IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND, <br><br> RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL RETIREMENT FUND, <br><br>               Plaintiffs, <br><br> vs. <br><br> ARAMARK EDUCATIONAL SERVICES, LLC, a Delaware limited liability company, f/k/a ARAMARK EDUCATIONAL SERVICES, INC. <br><br>               Defendant. | CIVIL ACTION <br><br> NO. <br><br> JUDGE <br><br> FILED: MAY 19, 2008 <br> 08 cv 2887    JH <br> JUDGE ST. EVE <br> MAGISTRATE JUDGE MASON |

## COMPLAINT

The Plaintiffs, THE UNITE HERE NATIONAL RETIREMENT FUND, f/k/a THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND ("Pension Fund") and RICHARD N. RUST, as fiduciary of THE UNITE HERE NATIONAL RETIREMENT FUND (collectively "Plaintiffs"), by their attorneys, complaining of the Defendant, ARAMARK EDUCATIONAL SERVICES, LLC, a Delaware limited liability company, f/k/a ARAMARK EDUCATIONAL SERVICES, INC., allege as follows:

## JURISDICTION

1.    This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515,

29 U.S.C. §§1132(a)(3) and 1145.  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

## PARTIES

2. Plaintiff Pension Fund is a "pension plan" pursuant to ERISA §§3(2)(A) and 3(37) and 29 U.S.C. §§1002(1) and 1002(37) and is an "employee benefit trust fund" under LMRA §302(c)(5) and 29 U.S.C. §186(c)(5).  The Pension Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2), 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

3. The Trustees of the Pension Fund and the Agreement and Declaration of Trust (Pension Trust Agreement) governing the Pension Fund's establishment and operation authorize the Pension Fund's Plan Administrator to initiate litigation on the Pension Fund's behalf.  Richard N. Rust, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Pension Fund pursuant to ERISA §§3(21)(A) and 502(a)(3), 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

4. Defendant is a Delaware limited liability company and is engaged in the hospitality industry with a principal place of business located at 1101 Market Street, Philadelphia, Pennsylvania.  The location at which the employees worked was Kenyon College in Gambier, Ohio.

## VENUE

7. The Pension Fund maintains an office for collecting pension contributions for employees who were formerly participants in The Hotel Employees And Restaurant Employees International Union Pension Fund at 711 North Commons Drive, Aurora, Illinois.  In addition, Defendant does business in Chicago, Illinois and maintains a registered agent and office in Chicago,

Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

**FACTS**

8.  Defendant, by its authorized agent, has executed collectively-bargained labor agreements with Hotel Employees and Restaurant Employees Union Local 84 (Labor Agreements), which require contributions be made to the Pension Fund for and on behalf of Defendant's eligible employees.

9.  The Labor Agreements bind Defendant to the Pension Trust Agreement.

10. Under the Pension Trust Agreement, Plaintiffs have the right to examine and/or audit the pertinent payroll books and records of each Employee whenever such examination or audit is deemed necessary in connection with the proper administration of the Funds.

11. Defendant has failed and refused to permit Plaintiffs' auditors to review its various payroll records for the time period January 1, 2001 through December 31, 2001 in order to verify the accuracy of its past reporting and to determine what additional contributions, if any, may be due the Plaintiffs.

12. Currently, Defendant has allowed Plaintiffs to audit for the period January 1, 2002 through December 31, 2005. If Defendant refuses to pay the contributions for that period, Plaintiffs seek collection of those amounts as well.

13. A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

14. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

15. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

A. That an account be taken as to all employees of Defendant covered by the Labor Agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period January 1, 2001 through December 31, 2001;

B. That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions found due through all audited periods potentially including January 1, 2001 through December 31, 2005, liquidated damages, any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action, or as subsequently determined all as provided for in the Plans and in ERISA;

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, pursuant to ERISA §502(g)(2)(E) and 29 U.S.C. §1132(g)(2)(E).


/s/   Laura M. Finnegan


Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:  6210637
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\Aramark\Kenyon College\complaint.lmf.df.wpd